HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OZONE INTERNATIONAL, LLC, a Washington limited liability company,<br><br>                     Plaintiff,<br>   v.<br><br>WHEATSHEAF GROUP LIMITED, a foreign private limited company registered in England and Wales,<br><br>                     Defendant. | No. 2:19-cv-01108-RAJ<br><br>ORDER ON MOTION FOR LEAVE TO REVIEW FORMER TRISTRATA EMPLOYEE'S EMAILS |

## I.   INTRODUCTION

This matter comes before the Court Defendant's Motion for Leave to Review Former TriStrata Employee's Emails. Dkt. # 45. Plaintiff opposes this motion. Dkt. # 51. For the reasons stated below, the Court **GRANTS** the motion.

## II.   BACKGROUND

This action involves a contractual dispute in which Plaintiff Ozone International, LLC ("Plaintiff") alleges fraud, negligent misrepresentation, breach of contract, and

ORDER – 1

breach of the implied covenant of good faith and fair dealing against Defendant Wheatsheaf Group Limited ("Defendant"). Dkt. # 79 ¶¶ 55-80. In 2017, TriStrata, a subsidiary of Defendant, acquired Plaintiff's assets and agreed to employ Jon Brandt, Plaintiff's CEO, as TriStrata's Sales Director. Dkt. # 45 at 3.

On September 22, 2017, Mr. Brandt signed an employment agreement with TriStrata, as well as a Confidentiality, Non-Disclosure and Proprietary Rights Agreement ("CNP Agreement"). *Id.* at 4. As part of his employment, Mr. Brandt was issued a company laptop and email account. *Id.* at 4. Under the CNP Agreement, Mr. Brandt's "company-provided computers" and "computer stored information," *inter alia*, remained the sole property of Defendant and were to be used for the "limited purpose of enabling the Employee to perform duties of employment." *Id.* The CNP Agreement stated that Defendant "expressly reserves the right to examine and inspect any and all of Employee's files . . . [and] computers." *Id.* The CNP Agreement described Mr. Brandt's expectation of privacy accordingly:

> Employee understands that Employee has no expectation of privacy with respect to Employee's use of Company equipment or the data contained thereon, and that Employee's work and communications (including emails, downloads, internet use, etc.) may be monitored from time to time by Company, in Company sole discretion and without prior notice to Employee.

*Id.*

In May 2020, after the Court denied Defendant's motion for summary judgment without prejudice to renew after Plaintiff has had the opportunity to take reasonable discovery, Defendant began collecting and reviewing documents to respond to Plaintiff's discovery requests. *Id.* at 5. While conducting its review, Defendant found numerous TriStrata emails—approximately 899—exchanged between Mr. Brandt and various attorneys. *Id.* Although Defendant claims that no privilege attaches to Mr. Brandt's communications with his attorneys while using his TriStrata email account, Defendant

ORDER – 2

1
2
3
4
5

informed Plaintiff of its findings and said that it would segregate the emails for the time being. *Id.* at 5. The parties corresponded over a number of weeks but failed to reach an agreement on whether the emails were protected under attorney-client privilege. *Id.* at 5-6. On July 23, 2020 Defendant filed the instant motion requesting that the Court find that privilege never attached to the emails in question. *Id.* at 13.

## III. DISCUSSION

6
7
8
9
10
11
12
13
14

Defendant argues that Mr. Brandt's communications with his attorneys via his TriStrata email account are not protected by the attorney-client privilege for two primary reasons. First, Defendant claims that the attorney-client privilege never attached to the emails because Mr. Brandt had no reasonable expectation that the emails were private pursuant to the terms of the CNP Agreement. *Id.* at 7. Second, Defendant claims that even if Mr. Brandt had reasonably expected that such emails were private, he waived the attorney-client privilege by failing to take reasonable steps to prevent the disclosure of the emails to TriStrata and by failing to take any steps to rectify the error. *Id.* at 8.

15
16
17
18
19
20
21
22
23

Plaintiff responds that such a blanket application of the waiver rule fails to account for the fact that "at least some portion of the emails were sent to or from Mr. Brandt's TriStrata email address inadvertently." Dkt. # 51 at 6. Moreover, Plaintiff contends it cannot determine whether the communications are privileged or whether any privilege has been waived without reviewing the communications. *Id.* Plaintiff contends that this matter could have been resolved by the parties without Court intervention if Defendant had "just allowed [Plaintiff] to review the attorney-client communications in its possession between Plaintiff's CEO and counsel."[1] Dkt. # 51 at 7. Given the parties' failure to resolve this matter, the Court now addresses it.

---

[1] The Court agrees that the parties should have been able to resolve this matter without Court intervention. The Court reminds the parties that it construes its meet and confer requirement strictly, as set forth in its Standing Order. Dkt. # 6. Parties are required "to discuss *thoroughly* . . . the *substance* of any contemplated motion *and any potential resolution*." *Id.* Half-hearted attempts at compliance with this rule are insufficient and the Court will not hesitate to strike future motions that fail to meet its requirement.

ORDER – 3

1       In a diversity action where state law governs the claims or defenses, questions of
2 privilege are governed by state law. Fed. R. Evid. 501; *In re California Pub. Utilities*
3 *Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). In Washington, "attorney-client privilege
4 applies to confidential communications and advice between an attorney and client and
5 extends to documents that contain a privileged communication." *Aventa Learning, Inc. v.*
6 *K12, Inc.*, 830 F. Supp. 2d 1083, 1106 (W.D. Wash. 2011). The burden of proving all the
7 elements of attorney-client privilege, including the lack of waiver, falls on the party
8 asserting the privilege. *Id.* The privilege is waived if the client discloses the
9 communication to a third party "unless the third party is necessary for the communication
10 or has retained the attorney for a common interest." *Zink v. City of Mesa*, 162 Wash.
11 App. 688, 725, 256 P.3d 384, 403 (2011).
12       The Court first finds that emails between Mr. Brandt and his attorneys on his
13 TriStrata email account are not protected by the attorney-client privilege based on the
14 explicit terms of his CNP Agreement. Mr. Brandt cannot reasonably claim that he
15 believed that his TriStrata email communications were confidential after he signed the
16 CNP Agreement, which states that Mr. Brandt's emails may be monitored and that he can
17 have no expectation of privacy with respect to the use of his company computer and the
18 data contained thereon. Dkt. # 45 at 4.
19       Even if Mr. Brandt were able to establish that he had a reasonable expectation of
20 privacy with respect to the emails, his subsequent actions—or more accurately,
21 inaction—waived any attorney-client privilege that may have attached to them. In
22 determining whether the privilege was waived, the Court must conduct a five-part test of
23 the circumstances surrounding the disclosure. *See Sitterson v. Evergreen Sch. Dist. No.*
24 *114*, 147 Wash. App. 576, 588, 196 P.3d 735, 741 (2008). The Court must consider
25 "(1) the reasonableness of precautions taken to prevent disclosure, (2) the amount of time
26 taken to remedy the error, (3) the scope of discovery, (4) the extent of the disclosure, and
27 (5) the overriding issue of fairness." *Id.* With respect to the first factor, Plaintiff fails to

ORDER – 4

1  set forth any reasonable precautions taken to prevent disclosure by Mr. Brandt or his
2  attorneys.  The Court finds that the sheer number of emails that were exchanged over
3  TriStrata's email server—899—demonstrates a lack of reasonable precautions taken by
4  Mr. Brandt or his attorneys.

5      With respect to the second factor, neither Mr. Brandt nor his attorneys attempted
6  to remedy the error for two years after the emails had been sent, nor immediately after
7  they were notified that Defendant had them.  Dkt. # 53 at 7.  Plaintiff did not seek to
8  assert privilege over the course of almost two months of discussions with Defendant
9  about the documents.  Dkt. # 45 at 13.

10      The cases cited by Plaintiff in support of its inadvertence argument are clearly
11  distinguishable.  In *Sun River Energy, Inc. v. Nelson*, the defendant attempted to email his
12  attorney and copy his co-defendant, Steve Stephens.  No. 11-CV-00198-MSK-MEH,
13  2011 WL 3648600, at *4 (D. Colo. Aug. 18, 2011).  When the defendant initiated the
14  auto-fill function before sending, the plaintiff's counsel's name, Steve Csajaghy,
15  appeared on the email.  *Id.*  Upon realizing the error, defense counsel emailed plaintiff's
16  counsel *one minute later* and asked plaintiff's counsel to delete the email based on
17  attorney-client privilege.  *Id.*  This case concerning two emails that were inadvertently
18  sent in no way supports a finding of no waiver under the facts at issue here in which 899
19  emails were disclosed over the course of two years and no remedial measures were taken.

20      Plaintiff's reliance on *Nat.-Immunogenics Corp. v. Newport Trial Grp* is similarly
21  misplaced.  In that case, the court found that an email disclosure was "inadvertent" and
22  attorney-client privilege was not waived because the individual "was not an employee
23  who voluntarily used his employer Continuity's email for personal business."  No.
24  15CV02034JVSJCGX, 2017 WL 10562984, at *7 (C.D. Cal. Mar. 6, 2017).  Instead, he
25  was the recipient of a confidential communication.  *Id.*  Furthermore, he "immediately
26  took reasonable steps to protect the confidentiality of the email by forwarding it to his
27  personal email address, deleting it from [his company's] email server, and telling

ORDER – 5

[Defendant] not to send personal emails to him at [his company email address]." *Id.* Mr. Brandt did no such thing. First, he was not merely the recipient of a confidential email. To the contrary, he was actively engaged in the exchange of hundreds of emails with his attorneys. Second, neither he nor his attorneys took any steps to delete emails from the TriStrata server, request that any confidential communications be directed to a personal email, or otherwise attempt to protect the confidentiality of the attorney-client communications conducted over TriStata's email server. Having failed to take reasonable precautions to prevent disclosure or to take action to remedy the error in a timely manner, the Court finds that Plaintiff's argument against waiver fails.

Finally, Plaintiff argues that it could not assess whether emails were privileged because Defendant failed to provide the emails at issue to Plaintiff. Dkt. # 51 at 7. The Court finds this argument confounding in light of Plaintiff's acknowledgement that "Jon Brandt and counsel for Ozone . . . were the authors and recipients of these communications." Dkt. # 51 at 7. It is unclear why Mr. Brandt and his counsel, as the authors and recipients of these emails, would not be able to access their own communications. Regardless, their failure to meet their burden to assert attorney-client privilege renders this question moot. The Court finds that Mr. Brandt's emails from his TriStrata account are not protected by the attorney-client privilege.

## IV.  CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Leave to Review Former TriStrata Employee's Emails is **GRANTED**. Dkt. # 45.

DATED this 31st day of March, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6