UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OZONE INTERNATIONAL, LLC, a Washington limited liability company,<br><br>Plaintiff,<br>v.<br><br>WHEATSHEAF GROUP LIMITED, a foreign private limited company registered in England and Wales,<br><br>Defendant. | No. 2:19-cv-01108-RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on two motions filed by Plaintiff Ozone International, LLC ("Plaintiff"): (1) a motion to continue the case schedule, Dkt. # 90, or in the alternative, to stay all discovery pending the Court's ruling on all outstanding motions, Dkt. # 98, and (2) a motion to appoint a discovery master or compel discovery, Dkt. # 92. On April 30, the Court held a phone conference with the parties to discuss the motions. For the reasons stated below, the Court **GRANTS** both motions.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a case schedule "may be modified only for good cause and with the judge's consent." A finding of good cause

ORDER – 1

requires a showing of diligence. "If [the] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Under Rule 53 of the Federal Rules of Civil Procedure, a court may appoint a special master to "address pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(c). "Masters may . . .be appointed because of the complexity of litigation and problems associated with compliance with the district court order." *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir. 1990).

### III. DISCUSSION

The discovery deadline in this case is April 30, 2021. Plaintiff served its first requests in September 2019. Dkt. # 92 at 4. Defendant declined to engage in discovery and moved the Court to stay discovery pending the outcome of Defendant's first summary judgment motion. *Id.* On May 6, 2020, the Court denied Defendant's request for summary judgment and a stay in discovery, ordering "a reasonable amount of discovery." Dkt. # 37 at 7. Since that time, Plaintiff alleges that discovery has been repeatedly thwarted by Defendant through objections and deficient responses to discovery requests. Dkt. # 92 at 4. Defendant responds that Plaintiff, in fact, has delayed discovery through repetitive requests for duplicative, overboard, and "abusive" discovery requests, "only to withdraw or abandon such discovery at the last minute in the face of a threatened motion for protective order." Dkt. # 95 at 4.

In support of its request to continue the case schedule, Plaintiff alleges that Defendant anticipated all document production to be completed by January 15, 2021, pursuant to an agreement made with Defendant. Dkt. # 90 at 4. According to Plaintiff, Defendant later changed its position and pushed back the final date of production from January 15 to April 15, 2021 and also walked back on its production agreements. *Id.* at 5. Defendant, meanwhile, claimed that it was Plaintiff that had backtracked from its original deadline, setting April 15, 2021 as a new deadline. Dkt. # 95 at 12. Based on this

ORDER – 2

delayed production date, Plaintiff requests a four-month extension to the case schedule so that it "has a reasonable opportunity to review [the documents that Defendant agreed to provide on April 15, 2021], resolve any remaining discovery disputes . . . and move forward with depositions." Dkt. # 90 at 2-3.

The discovery process over the preceding months has been contentious, to say the least, fraught with disputes over which documents need to be produced, when they will be produced, and whether they can be reviewed sufficiently prior to the current deadlines. *See* Dkt. # 90 at 3-6; Dkt. # 95 at 12. Despite ongoing communication between the parties over the course of months, the parties have failed to reconcile their disputes. *See e.g.* Dkt. ## 91-1, 91-4, 91-7. The Court has already had to intervene to resolve one dispute—out of the many outstanding—regarding whether Defendant was permitted to review Plaintiff's emails, which was a matter that should have been resolved between the parties. *See* Dkt. # 88. The voluminous caseload before this Court precludes it from intervening to resolve the numerous outstanding disputes.

Given the continued failure of the parties to resolve their discovery disputes, the Court finds that the appointment of a master of discovery pursuant to Rule 53 is both appropriate and necessary to assist in resolving outstanding disputes and ensuring that discovery can move forward expeditiously. The Court also finds that Plaintiff has demonstrated diligence in seeking discovery and has engaged Defendant numerous times in its effort to obtain discovery. *See* Dkt. # 98 at 5-6. The Court notes that this is Plaintiff's second request to appoint a discovery master. Dkt. # 69. The Court therefore finds good cause to continue the case for four months.

### IV. CONCLUSION

It is hereby ORDERED as follows:

1. Plaintiff's motion to appoint a discovery master is **GRANTED**. Dkt. # 92. The Honorable John P. Erlick is appointed by this Court to serve as discovery master in this matter. Costs will be shared equally by the parties.

ORDER – 3

2. Plaintiff's motion to continue the case schedule by four months is **GRANTED**. Dkt. # 90. The case schedule is amended as follows:

| Case Event | Deadline |
| --- | --- |
| Deadline to complete fact discovery | August 31, 2021 |
| Deadline for Exchanging Initial Expert Witness Disclosures/Reports Under FRCP 26(a)(2) | September 14, 2021 |
| Deadline for Exchanging Rebuttal Expert Witness Disclosures/Reports Under FRCP 26(a)(2) | October 11, 2021 |
| Deadline to complete expert discovery | October 26, 2021 |
| Deadline for filing dispositive motions | November 19, 2021 |
| Deadline for filing motions *in limine* and motions challenging expert witness testimony | January 13, 2022 |
| Agreed Pretrial Order due | January 26, 2022 |
| Trial briefs, deposition designations, and trial exhibits due | February 4, 2022 |
| Bench Trial Date | February 14, 2022 |

DATED this 30th day of April, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4